UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 6:13-CR-32-GFVT-HAI-5 |
| v. | ) | ORDER |
| ADAM HOSKINS, | ) | |
| Defendant. | ) | |

*** *** *** ***

The Court, on referral (D.E. 244), considers reported violations of supervised release conditions by Defendant Adam Hoskins. District Judge Van Tatenhove entered a judgment against Defendant on July 2, 2014, for conspiracy to counterfeit federal reserve notes in violation of 18 U.S.C. § 471. D.E. 207. He was sentenced to eighteen months of imprisonment, and two years of supervised release to follow. *Id.* at 2-3. Defendant began his term of supervised release on September 25, 2015.

On March 30, 2017, a Report on Offender Under Supervision (Form 12A) was submitted to the Court after Defendant failed to report that he was arrested for assault, fourth degree, in Laurel County, Kentucky, to the United States Probation Office ("USPO") within 72 hours of his arrest. D.E. 243. USPO Tyler requested that no action be taken by the Court, and District Judge Van Tatenhove approved the request on May 5, 2017. *Id.* at 2.

**I.**

On June 26, 2017, the USPO issued the Supervised Release Violation Report ("the Report") that initiated this revocation. The Report charges two violations.

First, the Report charges, in Violation #1, a violation of the Standard Condition requiring that Defendant "not purchase, possess, use, distribute, or administer any controlled substance." Specifically, the Report alleges that USPO Tyler conducted a home visit at Defendant's residence on June 22, 2017. USPO Tyler asked Defendant to provide a urine specimen for routine drug testing, but Defendant advised he had just used the restroom and could not provide a sample at that time. He also stated that he had not used any controlled substances. USPO Tyler directed Defendant to report to the probation office at 2:00 p.m. on that same day to provide a urine sample. Defendant reported as directed, and again advised that he had not used any controlled substances. He still could not provide a urine specimen, and USPO Tyler advised him that he would be required to wear a sweat patch for a week that would then be sent for drug analysis. Subsequently, Defendant admitted to using suboxone (buprenorphine) daily from June 11 to June 14, 2017. He signed a written admission form indicating the same. This is a Grade C violation.

In Violation #2, the Report charges a violation of the condition requiring that Defendant "not commit another federal, state, or local crime." Specifically, the Report alleges that buprenorphine is a controlled substance, and given the Sixth Circuit's ruling that use is equivalent to possession and Defendant's prior drug conviction, "simple possession of buprenorphine (Suboxone) constitutes conduct in violation of 21 U.S.C. § 844(a), a Class E felony." This is a Grade B violation.

## II.

On July 12, 2017, the Court conducted an initial appearance pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure. D.E. 246. The Court set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. *Id*. At the

initial appearance, the United States made an oral motion for interim detention; Defendant argued for release. *Id*. The Court found that Defendant failed to meet the heavy § 3143(a) defense burden and remanded him to the custody of the United States Marshal. *Id*.

At the final hearing on July 17, 2017, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 249. Defendant competently entered a knowing, voluntary, and intelligent stipulation to Violations #1 and #2. *Id*. For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violations as described in the Report. *Id*. The United States thus established both violations under the standard of section 3583(e). *Id*.

The parties did not agree as to the sentence. The government argued for revocation with eight months of incarceration, and one year of supervised release to follow. Defendant argued for an eight-month term of intensive inpatient drug treatment, followed by an additional term of supervised release.

### III.

The Court has evaluated the entire record, the Report and accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the section 3553 factors imported into the section 3583(e) analysis.

Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pleaded guilty to the Class D felony of conspiracy to counterfeit federal reserve notes. *See* 18 U.S.C. §§ 471; 3559(a)(4). Defendant's conviction carries a twenty-four month maximum period of incarceration upon revocation pursuant to 18 U.S.C. § 3583(e)(3). Under 18 U.S.C. § 3583(h) and 21 U.S.C. § 471, the maximum term of supervised release that may be re-imposed is no more than three years, less any term of imprisonment imposed upon revocation.

The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438-39 (6th Cir. 2007) ("[T]he policy statements found in Chapter Seven of the United States Sentencing Guidelines . . . 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under section 7B1.1, Defendant's admitted conduct in Violation #1 would qualify as a Grade C violation. His admitted conduct in Violation #2 would qualify as a Grade B violation. Given Defendant's criminal history category of III (the category at the time of the conviction in this District) and a Grade B violation, *see* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."), Defendant's Range under the Revocation Table of Chapter 7 is 8 to 14 months. U.S.S.G. § 7B1.4(a).

The government argued for revocation with eight months of imprisonment and one year of supervised release to follow. In support of its recommended sentence, the government argued that Defendant has a significant criminal history that includes a long pattern of opiate abuse as reported in his PSR. Specifically, Defendant began counterfeiting federal reserves to feed his opiate addiction, and his addiction has led him to commit other crimes such as driving under the influence and theft. The government argued that Defendant has committed a serious breach of the Court's trust because he has relapsed into opiate addiction once again, and emphasized that, although there is no direct nexus between his underlying offense and these violations,

Defendant's drug use clouds his judgment, causes him to make poor decisions, and motivates him to be dishonest with the USPO. The government discussed Defendant's history of drug abuse treatment, including both outpatient treatment and a thirty-day term of inpatient rehabilitation, and stated that further drug abuse treatment is not necessary. Defendant must overcome his addiction on his own terms without the help of the USPO. Finally, the government cited Defendant's long period of compliance with the terms of his supervised release as mitigating.

Defense counsel argued against revocation and in favor of an alternative sentence of eight months of intensive inpatient rehabilitation, with an additional term of supervised release to follow. In support of this recommended sentence, defense counsel stated that Defendant needs help, but has not yet had the benefit of a lengthy period of inpatient drug treatment. Counsel further noted that Defendant's drug abuse was the motivation for his original crime of counterfeiting and has led him to commit further ancillary drug crimes. Defendant suffers from serious mental health issues, including very severe panic attacks, and defense counsel stated that his history of mental health issues makes it hard for him to make good decisions and leads him to use drugs to cope with these issues. As mitigating factors, defense counsel cited Defendant's substantial period of compliance with the conditions of his release prior to this violation, his steady employment, his familial support system, including a recent marriage, and his desire to be successful and provide for his family. Finally, defense counsel asked the Court to provide Defendant with the tools he needs to overcome his addiction and reach his potential, including possible mental health treatment upon release from inpatient rehabilitation.

Defendant addressed the Court and explained that he wants to lead a better lifestyle and could benefit from intensive inpatient rehabilitation. He also stated that his panic attacks are

very severe and that his medical insurance that provides him with anxiety medication was recently cancelled, and it has been difficult to cope. Finally, he revealed that he turned to suboxone while he and his wife were having marital difficulties.

### IV.

Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession). To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range.

The Court first considers the nature and circumstances of Defendant's conviction. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). Defendant was originally convicted of conspiracy to counterfeit federal reserves. This counterfeiting scheme fueled his opiate addiction and encouraged drug trafficking. Although his use of suboxone in these violations is not directly related to the underlying offense, there is still a danger that Defendant could become involved in criminal behavior again to fuel his drug addiction.

The Court next considers Defendant's history and characteristics, the need to deter criminal conduct, and the need to protect the public. Defendant has a relatively minimal criminal history and is a smart man. The Court is disappointed that Defendant continues to engage in behavior that violates the conditions of his supervised release when he is capable of making better decisions and being successful. Defendant continues using opiates, and each time he uses a controlled substance, he is committing a new federal felony. Because Defendant commits

6

crimes to feed his opiate addiction, there is a strong need to deter future criminal conduct and protect the public.

The Court must also consider the need to provide Defendant with education, training, and treatment. Defendant has had the benefit of both outpatient and inpatient rehabilitation. He was able to remain compliant with the conditions of his supervised release while participating in outpatient substance abuse treatment, but has again used opiates. Although defense counsel argues that Defendant is a candidate for a substantial period of inpatient rehabilitation as an alternative to incarceration, the Court does not see enough effort at compliance in Defendant's history to recommend drug treatment in lieu of imprisonment. Defendant should be evaluated by the USPO for continued mental health and drug abuse treatment upon release, and he should also consider continued participation in outpatient substance abuse treatment beyond the term of his supervised release if it is helpful to him.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender. The particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e). Defendant's breach of the Court's trust is significant in this case. He does not respect the Court's authority and continues to breach the conditions of his release. First, he failed to report to the USPO as directed while on pre-trial release. D.E. 165. Next, he failed to appear for sentencing. D.E. 191. Then he violated while on supervised release because he failed to report his arrest for assault,

fourth degree, in Laurel County, Kentucky, to the USPO in March 2017. Finally, Defendant used suboxone, an opiate he has not previously abused. Defendant does not sufficiently respect the Court's authority or the conditions of his supervised release. The Court recognizes that he has severe anxiety, but inpatient rehabilitation is not an alternative to imprisonment in this case given Defendant's repeated violations of the conditions of his release. He must learn to cope with his anxiety and comply with the conditions of his release if he wishes to avoid future prison sentences. Accordingly, incarceration is warranted.

A sentence of eight months is at the bottom of the Guidelines Range. The Court believes that eight months of imprisonment, and a year of supervised release to follow, is adequate to ensure respect for the Court's authority and the conditions of Defendant's release, and address the significant breach of trust. Defendant has shown that he is capable of being compliant with the conditions of his supervised release. He must learn to cope with his anxiety and the obstacles in his life without using opiates. For the reasons discussed above, the Court finds this penalty is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). Defendant's conviction carries a maximum term of supervised release of three years, minus any term of imprisonment imposed upon revocation. *See* 18 U.S.C. §§ 471; 3583(h). Accordingly, the Court will recommend that supervised release be re-imposed for a term of one year following Defendant's release from incarceration.

Based upon the foregoing, the Court **RECOMMENDS**:

1. Revocation with a term of eight months of imprisonment;

2. A term of supervised release of one year to follow, under the conditions previously imposed; and

3. Continued substance abuse and mental health treatment to be required in the USPO's discretion.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended disposition, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 19th day of July, 2017.

Signed By:
Hanly A. Ingram
United States Magistrate Judge